IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 11, 2003

## KIM S. HICKERSON v. ANDREW JACKSON DEARING, III

**Appeal from the Circuit Court for Coffee County**
**No. 31974     L. Craig Johnson, Judge**

---

**No. M2002-02210-COA-R3-CV - Filed August 27, 2003**

---

This is a malpractice action filed by Appellant against his criminal defense attorney in a case resulting in his conviction by a Coffee County jury of selling cocaine a Class C felony. While this civil case was pending on appeal the underlying criminal conviction of Appellant was affirmed by the Court of Criminal Appeals and the Supreme Court denied his application to appeal. Based upon *Gibson v. Trant*, 58 S.W.3d 103 (Tenn.2001), we affirm the action of the trial court in dismissing the case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., and PATRICIA J. COTTRELL, JJ., joined.

Kim S. Hickerson, Wartburg, Tennessee, Pro Se.

Larry F. Wallace, Jr., Shelbyville, Tennessee, for the appellee, Andrew Jackson Dearing, III.

### MEMORANDUM  OPINION[1]

Plaintiff is an inmate in the Department of Corrections. Defendant is an attorney practicing law primarily in the 17th Judicial District of Tennessee. Plaintiff was indicted on April 18, 1997 by the Coffee County grand jury for selling less than 0.5 grams of cocaine. He then employed Defendant to represent him in the trial of the case. On December 15, 1997, Plaintiff was tried and found guilty of the underlying criminal offense and sentenced to fifteen years in prison and a

---

[1]Court of Appeals Rule 10(b):

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

$100,000 fine. This sentence was imposed on January 23, 1998. On February 26, 1998, Defendant filed a Motion for New Trial on behalf of Plaintiff in the criminal case and the Motion was overruled on April 13, 1998.

Defendant did not file a notice of appeal on behalf of Appellant, nor file a written waiver of Appellant's right to appeal as required by rule 37 of the Tennessee Rules of Criminal Procedure. After the time for appeal expired, Kim Hickerson filed a Petition for Post Conviction Relief and Honorable Robert S. Peters of the Winchester bar was appointed to represent him in the post conviction proceeding, and on May 16, 2000, the trial court granted a delayed appeal to Mr. Hickerson and appointed Robert S. Peters to represent Hickerson on appeal. Proper notice of appeal was filed on May 22, 2001.

On May 6, 2002, Plaintiff filed, pro se, a Complaint for Malpractice in this case against Defendant Dearing.

On June 4, 2002, Defendant Dearing answered the Complaint denying that he had ever been retained by Hickerson for the purposes of appeal through the Court of Criminal Appeals. On July 12, 2002, Plaintiff Hickerson filed a Motion for Summary Judgment in the malpractice action.

On August 12, 2002, Defendant filed a Motion to Dismiss asserting:

> 1. The plaintiff still has a pending appeal in the Court of Criminal Appeals, Case number: M2001-02072-CCA-R3-CD. This matter is on brief and no opinion has been issued as of August 9, 2002, and therefore its not ripe for disposition nor can we answer the plaintiff's Motion for Summary Judgement.
> 2. Gibson v. Trant, 58-S.W.3d, 103 (Tenn.2001), stands for the proposition that a criminal plaintiff cannot maintain an action for criminal legal malpractice. This case affirmed the case of Gibson v. Trant, 2000 Tenn.App. Lexis 188 (Ct.App.2000).
> 3. In *Trant, supra*, that court held that in order to maintain a claim for legal malpractice arising out of a criminal conviction, the plaintiff must first obtain post-conviction relief from the underlying criminal conviction to establish the necessary element of causation. Here the plaintiff has clearly not show[n] this to be the case.

While this Motion is captioned as a Motion to Dismiss, the prayer for relief therein was to stay the proceedings pending the outcome of the Court of Criminal Appeals on Hickerson's direct appeal of the criminal case.

On September 4, 2002, the trial court dismissed the Complaint in this case holding:

> This matter came on to be heard on August 30, 2002, upon plaintiff's motion for summary judgment and defendant's motion to dismiss. Plaintiff sued defendant

for legal malpractice arising from defendant's representation of plaintiff in a criminal case. Plaintiff was convicted in his criminal case and after filing a petition for post-conviction relief, alleging ineffective assistance of counsel; plaintiff was granted a delayed appeal. Plaintiff's direct appeal was pending at the time of filing of this action, and is still pending in the Court of Criminal Appeals. Plaintiff mistakenly relied upon the granting of a delayed appeal in his criminal case as establishing his right to sue his criminal defense attorney for legal malpractice.

Defendant filed a motion to dismiss stating that plaintiff can not established (sic) causation in his cause of action, citing *Gibson v. Trant*, 58 S.W.3d 103 (Tenn.2001) (plaintiff must first obtain post-conviction relief form the underlying criminal conviction in order to establish the necessary element of causation). Although plaintiff initially filed a petition for post-conviction relief, the trial court entered a delayed appeal to the Court of Criminal Appeal of the criminal judgment, not from the underlying criminal conviction. Defendant's motion is well taken and is therefore granted.

Defendant filed a timely appeal.

On June 2, 2003, Appellee filed in this Court a motion pursuant to Tennessee Rule of Appellate Procedure 14 for this Court to consider post-judgment facts attaching thereto copies of the unanimous decision of the Tennessee Court of Appeals in *State of Tennessee v. Kim Hickerson*, No. M2001-02072-CCA-R3-CD, released October 23, 2002, affirming the conviction of Kim Hickerson and affirming the action of the trial court in sentencing him as a career offender. Also attached as an exhibit to the motion is the per curiam denial by the Tennessee Supreme Court of Hickerson's application to appeal the criminal conviction issued under date of March 3, 2003. Further exhibited to the motion is the trial court order of March 31, 2003, spreading the mandate, judgment, and opinion upon the Minutes of the Circuit Court of Coffee County, Tennessee. The motion to consider post-judgment facts was granted.

The opinion of the Court of Criminal Appeals discloses that on October 25, 1996, Kim Hickerson sold cocaine to an undercover agent. The jury convicted him and the conviction was in all respects affirmed. As to sentencing, the Court of Criminal Appeals' opinion discloses:

> Finally, the Appellant argues that he was improperly sentenced as a career offender. With respect to class C felonies, a defendant may be sentenced as a career offender if he has "any combination of six (6) or more class A, B, or C prior felony convictions." Tenn.Code Ann. § 40-35-108(a)(1). However, "[c]onvictions for multiple felonies committed as part of a single course of conduct within twenty-four (24) hours constitute one (1) conviction for the purpose of determining prior convictions." Id. § 108(b)(4). Appellant asserts that because on April 30, 1993 he received six felony convictions for selling cocaine, the convictions should not be aggregated so as to classify him as a career offender. However, the presentence report reflects that each of the six convictions is based on conduct that occurred on

separate dates, each more than twenty-four hours apart. Therefore, the trial court properly considered each of the six convictions dated April 30, 1993 as a separate conviction and properly sentenced Appellant as a career offender. This issue is without merit.

Appellant asserts that because on his Petition for Post Conviction Relief he was granted a delayed appeal, the rule in *Trant*, 58 S.W.3d 103 (Tenn.2001) is inapplicable. Appellant is mistaken.

In *Trant*, the supreme court held: "Based on principles of equity, tort law, post-conviction law, and public policy, we hold that a criminal defendant must obtain post-conviction relief in order to maintain a legal malpractice claim against his defense lawyer." 53 S.W.3d 103, 116 (Tenn.2001). Hickerson has obtained no relief from the underlying conviction. All he obtained was a delayed appeal which was perfected for him by appointed counsel and his conviction was in all respects affirmed. He has not alleged and indeed cannot allege that he has received any relief from the judgment of conviction or from his sentence as a career offender.

The Supreme Court of Tennessee addressed the controlling issue and made clear that a person convicted of a criminal offense must receive relief from his criminality before he can maintain a malpractice action against his attorney.

> The dilemma of proving causation is not simply a matter of the complexity of the task facing jurors. Rather, it highlights a basic, theoretical distinction between civil and criminal malpractice actions that, in terms of the causation requirement, strongly supports treating these cases differently. The California Supreme Court discussed the issue as follows:
>> In a civil malpractice action, the focus is solely on the defendant attorney's alleged error or omission; the plaintiff's conduct is irrelevant. In the criminal malpractice context by contrast, a defendant's own criminal act remains the ultimate source of this predicament irrespective of counsel's subsequent negligence. Any harm suffered is not "only because of" attorney error but principally due to the client's antecedent criminality.
> *Wiley*, 19 Cal.4th 532, 79 Cal.Rptr.2d 672, 966 P.2d 983, 988; *see also Berringer*, 758 A.2d at 597 ("If a potential criminal plaintiff is unsuccessful in obtaining relief from conviction, then it would seem that the attorney's conduct was not the proximate cause of the conviction or injury."); *Rodriguez*, 609 N.W.2d at 373; *Peeler*, 909 S.W.2d at 497. Therefore, the Court in *Wiley* concluded, "it is not at all difficult to defend a different rule because criminal prosecution takes place in a significantly different procedural context, 'and as a result the elements to sustain a cause of action must likewise differ.' " *Wiley*, 19 Cal.4th 532, 79 Cal.Rptr.2d 672, 966 P.2d 983, 988 (quoting *Bailey*, 621 A.2d at 114).

*Trant*, 58 S.W.3d 103, 111-12 (Tenn.2001).

As Hickerson does not and indeed cannot allege in his malpractice action that he has received any relief from either his conviction or his sentence, his Complaint fails to state a cause of action under *Trant*, 58 S.W.3d 103 (Tenn.2001) and the trial court properly dismissed his Complaint.

Judgment of the trial court is in all respects affirmed and costs of the cause are assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE